**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-42939 |
| Carol A Tiscareno | ) | |
| | ) | HON. Timothy A. Barnes |
| | ) | CHAPTER 13 |
| DEBTOR. | ) | |

**NOTICE OF MOTION**

TO:   Trustee Marilyn O Marshall, 224 S. Michigan Ave., #800, Chicago, IL 60604, via electronic court notification;

See attached service list.

    PLEASE TAKE NOTICE THAT on March 4, 2021 at 1:30 p.m., I will appear before the Honorable Judge Timothy A. Barnes or any judge sitting in that judge's place, and present the motion of Debtor for Hardship Discharge, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance at the courthouse is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video,** use this link:   https://www.zoomgov.com/   Then enter the meeting ID and password.

    **To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and password.** The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: David H. Cutler
Counsel for Debtor(s)
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600
cutlerfilings@gmail.com

**CERTIFICATE OF SERVICE**

I, David H. Cutler, hereby certify that I served a copy of this notice and the attached motion electronically or through U.S. Mail on each entity shown on the attached list at the address shown on the list on February 11, 2021 by 7:00 p.m.

By: /s/ David H. Cutler
David H. Cutler, esq.
Counsel for Debtor(s)
Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re:  Carol A Tiscareno | ) | Case No.  15-42939 |
| | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Judge:  Timothy A. Barnes |
| Debtor(s) | ) | |

MOTION FOR HARDSHIP DISCHARGE

NOW COMES the Debtor, Carol A Tiscareno, (hereafter referred to as "the Debtor"), by and through her attorneys, The Law Offices of Cutler & Associates, Ltd., and moves this Honorable Court for entry of a hardship discharge pursuant to section 11 U.S.C. § 1328(b) of the bankruptcy code, and in support thereof, respectfully represents as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and this is a "core proceeding" under 28 U.S.C. § 157(b)(2).

2. The Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on December 22, 2015.

3. The Debtor's plan was confirmed on March 10, 2016.

4. The Debtor's confirmation Order provides for a plan payment of $1,340 for 2 months then $1,360 for 58 months totaling $81,560 with unsecured creditors receiving a minimum of 55% of their unsecured claims.

5. The Debtor has faithfully made payments since the filing of the case for 60 months and has paid in $82,217.

6. Due to medical circumstances that are out of the Debtor's control and posing a very serious risk to her health, the Debtor is requesting this Honorable Court grant her a

hardship discharge pursuant to 11 U.S.C. § 1328(b), that the Debtor is unable to complete the payments in the bankruptcy.

7. Pursuant to 11 U.S.C. §1328(b), in order to establish that the Debtor is eligible for the hardship discharge the Debtor must show that:

    (1) The Debtor's failure to complete such payments is due to circumstances for which the Debtor should not justly be held accountable;

    (2) The value, as of the effective date of the plan, of the property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount it would have been paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 of this title on such date; and

    (3) Modification of the plan under Section 1329 of this title is not practicable.

8. The Debtor is 63 years old and has underwent 3 surgeries on her lumbar spine due to constant pain caused by compressed discs and has had to take time off work for recovery, that she needed physical therapy and paid over $3,000 in out-of-pocket medical bills. The Debtor still suffers from continuous pain from her lumbar spinal stenosis and disc bulging and due to her pain, she has worsening depression, anxiety and suffers from insomnia. The Debtor has hypertension, a chronic disease in which the blood pressure in her arteries is persistently elevated. The Debtor also suffers from pulmonary fibrosis, fibromyalgia, intestinal issues, she has microscopic colitis, an inflammation of the large intestine causing her multiple colon issues such as abdominal pain, cramps, and bloating. The daily medications the Debtor takes have side effects such as headaches, nausea and lethargy. All of this making it difficult for the Debtor to navigate normal everyday

activities and the Debtor, with her health at risk and battling continuous pain needs to stop working and focus on her health or face serious consequences.

9. The Debtor's primary care physician has advised the Debtor that her health is at risk if she continues to work due to the sedentary nature of her job, as it puts her at risk for more surgery on her spine, that her spinal disease and high blood pressure really suffer and from a medical standpoint, as these are serious and ongoing medical conditions and he recommends that the Debtor retire from her sedentary job and not work at all to help all of her medical problems. (See attached Physician's note attached hereto as Exhibit A).

10. The Debtor's orthopedic surgeon, who has treated her extensive lumber spine problems, has advised her that increasing activity will put her at risk for need for further surgeries, that with Debtor's multiple health issues, he has advised her against continued working. (See attached Surgeon's note attached hereto as Exhibit B).

11. The Debtor can no longer continue working and complete all the payments in the bankruptcy, she is in failing health and as evidenced from her Doctor's notes she needs to retire.

12. The Debtor is married and her husband is 70 years old, he is not working and had retired years ago due to his failing health and he receives social security income. Debtor's spouse suffers from heart problems, is borderline diabetic, has high blood pressure, arthritis and is need of extensive dental work, that he requires a partial mouth rehabilitation.

13. For the reasons set forth above, the Debtor should not be held accountable for her medical issues, the fact that she is in constant pain and that her health is at risk if she continues to work.

14. In the Debtor's case, the value, as of the effective date of the plan, of the property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount it would have been paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 of this title on such date. That the best interests of the creditors have been satisfied in that the Debtor has paid into her plan more than her creditors would have received under a chapter 7 and Debtor's creditors are not being prejudiced because the Debtor could not have afforded to pay in one more dollar than she did because of all her health issues.

15. That modification of the Debtor's plan under 11 U.S.C. Section 1329 is not practicable as the plan term has ended. The Debtor had previously brought a motion to modify her plan under 11 U.S.C. Section 1329, a motion that had been served on all of the Debtor's creditors and without any objection from any creditors in her case, on 2/4/2021 to waive the default and to reduce the plan percentage to general unsecured creditors from 55% to a minimum of 41% and that motion was denied without prejudice.

16. Since the Debtor is not at fault for her current situation, unsecured creditors have received what they would if this was a Chapter 7 and modification of the plan is not feasible, the Debtor has met the burdens for a hardship discharge.

17. The Debtor has reviewed with counsel and she has signed an affidavit that supports the allegations set forth in this motion for hardship discharge. (See attached Affidavit)

18. Due to these circumstances that are out of the Debtor's control, she is respectfully requesting this Honorable Court grant her a hardship discharge pursuant to 11 USC §1328(b).

WHEREFORE, Debtor prays that this Honorable Court enter an Order granting hardship discharge and for such other relief as this Court deems proper under the circumstances.

Dated:  February 11, 2021                                  Respectfully Submitted,

                                        By:     /s/ David H. Cutler
                                                David H. Cutler, esq.,
                                                Counsel for Debtor(s):
                                                Cutler & Associates, Ltd.
                                                4131 Main St.
                                                Skokie, IL 60076
                                                Phone: (847) 673-8600